RICHTER et al. v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

BILLS OF PARTICULARS—FURNISHING EVIDENCE AND NAMES OF WITNESSES.

     In an action upon a policy of life insurance, the answer set up the alleged fraudulent character of certain warranties of the assured that he had never been treated for alcoholic or narcotic habits. *Held*, that defendant might properly be required to give a bill of particulars stating the time or times when the assured was thus treated, but not the place or places where such treatment was received, nor the names of physicians or others that treated him.

     Williams, J., dissenting.

Appeal from trial term.

Action by Bruno Richter and another, as administrators of the estate of Jacob Fletcher, deceased, against the Equitable Life Assurance Society of the United States. From an order directing service of a verified bill of particulars, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Bainbridge Colby, for appellant.
Sol. M. Stroock, for respondents.

INGRAHAM, J. This action is upon a policy of life insurance. The answer of the defendant alleges that there was a breach of a warranty upon which the policy was issued; the assured having stated in his application that he had never been treated for alcoholic or narcotic habits, "whereas, in truth and in fact, each of these statements and warranties was false and untrue, and made with the fraudulent intention of deceiving this defendant, and of obtaining said policy from it by fraud." The court below ordered a bill of particulars, "setting forth the time or times when, and the place or places where, Jacob Fletcher [the assured] had taken treatment for alcoholic or narcotic habits." It was further ordered "that unless within ten days after the service of a copy of this order upon the defendant's attorneys the defendant serve upon the plaintiffs' attorneys an affidavit, verified by the proper officers of the defendant, setting forth that it is impossible for the defendant to furnish the name or names of the physicians or other person or persons who treated the said Jacob Fletcher for such alcoholic or narcotic habit, that the defendant in the aforesaid bill of particulars set forth the name or names of the physician or physicians or other person or persons who treated the said Jacob Fletcher for such alcoholic or narcotic habit." We think that this order is entirely too broad. While it was proper to require a bill of particulars setting forth the time or times when the assured had been thus treated, it was manifestly impossible for the defendant to state the place or places where such treatment had been received. Whether it was in the office of the defendant, or the house of the assured, was entirely immaterial, and was a detail which it was impossible for the defendant to ascertain. We also think that the provision of the order requiring the defendant to state the name or names of the physician or physicians or other person or persons who treated the assured was improper. It is well settled that a bill of particulars will never be ordered for the purpose of furnishing the opposite party with the names of the witnesses or the evidence to be relied on to prove a cause of action or defense, and yet the only effect of this provision of the order would be to indicate to the plaintiffs the names of the persons whom the defendant might call to prove the defense that the assured had been treated for alcoholic or narcotic habits. We think the order appealed from should be modified by striking out the provision requiring a bill of particulars as to the place or places where Fletcher had been treated for alcoholic or narcotic habits, and the provision requiring

the defendant to furnish the name or names of the physician or physicians or other person who treated the said assured for such habits.

As so modified, the order is affirmed, without costs to either party upon this appeal.

VAN BRUNT, P. J., and RUMSEY, J., concur. WILLIAMS, J., dissents.